UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JERRY FRANCIS AND CALVIN CITTADINO

VERSUS

JAMES LE BLANC, SECRETARY OF
THE LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS
AND THE COMMITTEE ON PAROLE OF
THE LOUISIANA BOARD OF PARDONS

CIVIL ACTION

NO. 13-691-JJB-RLB

## ORDER

This matter is before the Court on a joint Motion (doc. 13) for Order of Dismissal following an agreement among the parties. Considering the stipulations (doc. 6) filed of record, the express agreement of the parties, and the Court concluding that jurisdiction is present, the Court finds:

The court record compels a finding that Louisiana Act 60 of 1987 and Louisiana Act 790 of 1990 (hereinafter "Act 790") include offenders convicted of armed robbery, and as such, they are eligible for parole consideration under the geriatric parole provisions of those acts. The historical practice of the Louisiana Department of Public Safety and Corrections has been to recognize eligibility for parole consideration to that population of offenders. The Louisiana Committee on Parole has historically considered offenders convicted of armed robbery with offense dates prior to January 1, 1997 to be eligible for consideration for release on parole. Further, prior to August 2013, parole eligibility was reflected on offenders' master prison records for those otherwise eligible armed robbery offenders with offense dates prior to January 1, 1997.

1

Now in consideration of the stipulations (doc. 6) made a part of the record in this matter and the agreement of the parties as set forth in the Motion (doc. 13) for Order of Dismissal filed herein:

**IT IS ORDERED** that the settlement of the parties is accepted and made a judgment of this court as set forth below, and the stipulations are fully incorporated in the settlement.

James M. Le Blanc, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, is permanently enjoined and ordered to provide a Parole Eligibility Date to Jerry Francis and Calvin Cittadino that reflects parole eligibility and consideration under Act 790 and is further enjoined from removing any parole eligibility date due solely to a conviction for armed robbery committed prior to January 1, 1997.

James M. Le Blanc, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, is permanently enjoined from denying release on parole supervision to any offender that has been granted parole by the Committee on Parole.

Sheryl Ranatza, in her official capacity as chair of the Committee on Parole of the Louisiana Board of Pardons, is permanently enjoined and ordered to place on the parole dockets for parole consideration Jerry Francis and Calvin Cittadino as both meet the criteria for eligibility for parole consideration under Louisiana Act 790 and have offense dates before January 1, 1997.

**IT IS FURTHER ORDERED** that in accordance with the stipulations of the parties and the settlement reached herein, that the relief accorded to Jerry Francis and Calvin Cittadino shall apply to all other offenders similarly situated and convicted of armed robbery with an offense date prior to January 1, 1997 and who otherwise meet the criteria of Louisiana Act 790 of 1990

**IT IS FURTHER ORDERED** that Sheryl Ranatza and James M. Le Blanc, both in their official capacities, shall not, solely by reason of a conviction for armed robbery that was

committed before January 1, 1997, remove or cause to be removed from a Parole Committee docket any offender otherwise eligible for parole consideration.

**IT IS FURTHER ORDERED** that in accordance with the agreements reached herein that all claims that may relate to any offender with an offense date on or after January 1, 1997 are dismissed without prejudice.

Signed in Baton Rouge, Louisiana, on January 30, 2014.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**